IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AUTUMN WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action  MJM-21-1732 |
| | * | |
| BTST SERVICES, LLC, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Autumn Williams ("Plaintiff"), proceeding *pro se*, commenced this civil action against BTST Services, LLC ("Defendant") alleging failure to accommodate and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.[1] Currently pending is Defendant's Motion to Dismiss the Amended Complaint. ECF 30. Plaintiff filed a memorandum in opposition to the motion. ECF 32. The Court has reviewed the filings and finds that no hearing is necessary. Loc. R. 105.6. For the reasons stated below, Defendants' motion will be DENIED.

I.   **BACKGROUND**

When resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts are limited to considering the allegations set forth in the complaint and any documents that are either attached to the complaint or incorporated into the complaint by reference. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights*, *Ltd.*, 551 U.S. 308, 322 (2007)). The facts alleged in the Amended Complaint filed in this matter are summarized in the Memorandum Opinion entered by the Honorable Beth P. Gesner granting Plaintiff's Motion to Amend. ECF 27 ("Mem. Op.") at 1–3. That summary of facts is adopted herein.

---

[1] The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF 25; ECF 26).

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[,]" *id.*, and "tender[ing] 'naked assertion[s]'

devoid of 'further factual enhancement'" does not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). Thus, when considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* at 212. At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Notably, "[f]ederal courts are obliged to liberally construe filings by *pro se* litigants." *United States v. Brown*, 797 F. App'x 85, 89 (4th Cir. 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 510 (1972)). A *pro se* litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520–21.

### III. DISCUSSION

In its Motion to Dismiss the Amended Complaint, Defendant raises for the second time the same arguments made in opposition to Plaintiff's Motion to Amend. *Compare* ECF 30-1 *with* ECF 25. First, Defendant argues that the Amended Complaint fails to satisfy the but-for causation

standard necessary to plead retaliation under the ADA. ECF 30-1 at 4–7. Second, Defendant argues that Plaintiff fails to plead adequately any element of her claim for failure to accommodate. *Id.* at 7–10. "[M]ost notably," Defendant argues, Plaintiff fails to plead the employer notice element of her claim. *Id.* at 8. Judge Gesner considered and rejected each of these arguments in ruling upon Plaintiff's Motion to Amend, and that ruling is law of this case. *See Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) ("The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Regarding Plaintiff's retaliation claim, Judge Gesner determined that the Amended Complaint contained facts sufficient to support all elements of a prima facie case of retaliation under the ADA. Mem. Op. at 6–9. "To establish a prima facie retaliation claim under the ADA, plaintiffs must allege (1) that they engaged in protected conduct, (2) that they suffered an adverse action, and (3) that a causal link exists between the protected conduct and the adverse action." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011), *cited in* Mem. Op. at 6–7. Plaintiff adequately pleaded that she engaged in protected activity by alleging that she asked her supervisor, Ms. Jones, to uphold the accommodation she was granted by Defendant's Executive Director, Ms. McCray, multiple times between August 2017 and July 2018. Am. Compl. at 2–4; Mem. Op. at 6–8. Plaintiff further alleged that Defendant terminated her on December 31, 2018, satisfying the adverse action element. Am. Compl. at 4; Mem. Op. at 6. Judge Gesner ruled that the temporal proximity between the last time she requested an accommodation and her termination may have been sufficient to plead a causal link between the protected activity and adverse action, drawing all reasonable inferences in Plaintiff's favor. Mem. Op. at 7–8. Additionally, Judge Gesner ruled, the causation element was satisfied by allegations showing retaliatory animus by

4

Defendant. Mem. Op. at 9. Facts in the Amended Complaint showing retaliatory animus include allegations that payment was withheld from Plaintiff after requesting accommodation between August and November 2017, that Ms. Jones refused to assign additional clients to Plaintiff and jeopardized her ability to gain clinical licensure after Plaintiff made another accommodation request in December 2017, and that Plaintiff "continued to have issues with her pay." *Id.*; Am. Compl. at 3–4.

In its Motion to Dismiss the Amended Complaint, Defendant avers that Plaintiff has alleged two distinct reasons for her termination: requesting accommodation and raising payroll irregularities. ECF 30-1 at 7. Defendant argues that Plaintiff would not be entitled to relief if she proved these allegations because such proof would establish that Plaintiff's protected activity was not the sole motivation for her termination. *Id.* Defendant is correct that, in order to establish a causal connection as part of an ADA retaliation claim, a plaintiff must establish that their protected activity was the "but-for" cause of the adverse action. *See Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 877 (4th Cir. 2020); *Brady v. Bd. of Educ. of Prince George's Cnty.*, 222 F. Supp. 3d 459, 474–75 (D. Md. 2016), *aff'd*, 707 F. App'x 780 (4th Cir. 2018) (citing *Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 235–36 (4th Cir. 2016)). However, as Judge Gesner stated, "[a] plaintiff . . . need not establish but-for causation at the prima facie stage." Mem. Op. 9–10 (citing *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 335 (4th Cir. 2018)).[2] Although Defendant interprets the Amended Complaint to present Plaintiff's requests for accommodation and complaints about payroll irregularities are separate and distinct reasons for Plaintiff's termination, a reasonable inference can be drawn from the Amended Complaint that these two

---

[2] Defendant relies upon cases decided at either the summary judgment stage or at trial. *See Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 235–36 (4th Cir. 2016); *Davis v. W. Carolina Univ.*, 695 F. App'x 686, 688 (4th Cir. 2017); *Staley v. Gruenberg*, 575 F. App'x 153, 155–56 (4th Cir. 2014).

reasons are connected. Thus, the facts alleged in the Amended Complaint are adequate to state a claim of retaliation under the ADA.

With respect to Plaintiff's claim for failure to accommodate, Judge Gesner determined that the Amended Complaint "sufficiently pleads all elements of a prima facie claim of failure to accommodate under the ADA." Mem. Op. at 11. The elements of a prima facie case for failure to accommodate under the ADA are "(1) that [the plaintiff] was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [the] disability; (3) that with reasonable accommodation [the plaintiff] could perform the essential functions of the position; and (4) that the employer refused to make such accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238–39 (4th Cir. 2021) (quoting *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013)); *see also* Mem. Op. at 11. In support of the first element, Plaintiff alleges she had depression, ADHD, dyslexia, and dysgraphia and that these conditions required additional time for Plaintiff to submit her notes. Am. Compl. at 1, 5; Mem. Op. at 11. As to the second element, Judge Gesner determined that Plaintiff's allegations that she made multiple requests to Ms. Jones about the accommodation she was granted by Ms. McCray was sufficient "to state a plausible claim that Ms. Jones was aware that [P]laintiff's request for an accommodation was based on [P]laintiff's disability." Mem. Op. at 12; Am. Compl. at 2, 6. Additionally, Plaintiff alleged that she specifically told Ms. McCray about her disabilities and told Ms. Jones that Ms. McCray approved an accommodation for her. Mem. Op. at 2, 12–13; Am. Compl. at 1–2. In support of the third element, Plaintiff alleges that she provided social work services and submitted notes to Defendant as part of her work and suggests that she was able to perform her duties with the requested accommodation. Am. Compl. at 1–3. Drawing reasonable inferences in Plaintiff's favor, Judge Gesner concluded that these facts were sufficient to satisfy the third element of Plaintiff's

claim for failure to accommodate. Mem. Op. at 13-14. Finally, Plaintiff alleged that her multiple requests for the accommodation were denied, ignored, and dismissed by Ms. Jones, satisfying the fourth element. Mem. Op. at 14; Am. Compl. at 2, 5.

Defendant acknowledges that Plaintiff's burden of pleading that Defendant had notice of her disabilities is not an onerous burden. ECF 30-1 at 9; *see also Schneider v. Giant of Maryland, LLC*, 389 F. App'x 263, 270 (4th Cir. 2010). Defendant argues that Plaintiff cannot prevail on her failure-to-accommodate claim because her pleading shows that she did not escalate Ms. Jones's refusal to provide the accommodation Plaintiff requested. Defendant fails to cite any authority for the proposition that Plaintiff was required to escalate her request for accommodate above Ms. Jones in order to establish an ADA violation. All that is required is for Plaintiff to allege that Defendant had notice of Plaintiff's disability and need for accommodation, which Plaintiff has done. The facts alleged in the Amended Complaint are sufficient to state a claim for failure to accommodate under the ADA.

## IV.   ORDER

For reasons stated herein and in the prior Memorandum Opinion, Defendant's Motion to Dismiss the Amended Complaint (ECF 30) is DENIED. Defendant is directed to file an answer to the Amended Complaint within twenty-one (21) days of the date of this Order.

<u>March 21, 2023</u>             <u>  /S/                          </u>
Date             Matthew J. Maddox
           United States Magistrate Judge